**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Greg Gamache

            v.                          Civil No. 11-cv-111-PB

Federal Communications
Commission et al.


## REPORT AND RECOMMENDATION


    Greg Gamache has filed a complaint (doc. no. 1) against the
Federal Communications Commission ("FCC") and the Federal Bureau
of Investigations ("FBI").  Because Gamache is proceeding pro se
and in forma pauperis, the matter is before the court for
preliminary review to determine, among other things, whether the
complaint states any claim upon which relief might be granted.
See 28 U.S.C. § 1915(e)(2); United States District Court for the
District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).


### Standard of Review

    Under LR 4.3(d)(1)(B), when an in forma pauperis plaintiff
commences an action pro se, the magistrate judge conducts a
preliminary review.  The magistrate judge may issue a report and
recommendation after the initial review, recommending that
claims be dismissed if the court lacks subject matter
jurisdiction, the defendant is immune from the relief sought,

the complaint fails to state a claim upon which relief may be
granted, the allegation of poverty is untrue, or the action is
frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR
4.3(d)(1)(B).  In conducting a preliminary review, the
magistrate judge construes pro se pleadings liberally, to avoid
inappropriately stringent rules and unnecessary dismissals.  See
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to
construe pleadings liberally in favor of pro se party); Castro
v. United States, 540 U.S. 375, 381 (2003).

    To determine if the complaint states any claim upon which
relief could be granted, the court applies a standard analogous
to that used in reviewing a motion to dismiss filed under Fed.
R. Civ. P. 12(b)(6).  The court decides whether the complaint
contains sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face.  See Ashcroft v.
Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

    To make this determination, the court employs a two-pronged
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  The court first screens the complaint for
statements that "merely offer legal conclusions couched as fact
or threadbare recitals of the elements of a cause of action."
Id. (citations, internal quotation marks and alterations
omitted).  A claim consisting of little more than "allegations

2

that merely parrot the elements of the cause of action" may be
dismissed.  Id.  The second part of the test requires the court
to credit as true all non-conclusory factual allegations and the
reasonable inferences drawn from those allegations, and then to
determine if the claim is plausible.  Id.  The plausibility
requirement "simply calls for enough fact to raise a reasonable
expectation that discovery will reveal evidence" of illegal
conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).
The "make-or-break standard" is that those allegations and
inferences, taken as true, "must state a plausible, not a merely
conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of
Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at
555-56 ("Factual allegations must be enough to raise a right to
relief above the speculative level, on the assumption that all
the allegations in the complaint are true (even if doubtful in
fact)." (citations and footnote omitted)).

    Evaluating the plausibility of a claim is a "context-
specific task that requires the reviewing court to draw on its
judicial experience and common sense."  Iqbal, 129 S. Ct. at
1950 (citation omitted).  In doing so, the court may not
disregard properly pleaded factual allegations or "attempt to
forecast a plaintiff's likelihood of success on the merits."
Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses
on the reasonableness of the inference of liability that the

plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

## Background

Gamache, a resident of St. Charles, Missouri, alleges that tens of thousands of Americans are being assaulted with, and harmed or killed by, electronic weapons.  Gamache asserts that the FBI and the FCC are aware of the attacks, and are uniquely situated to identify, investigate, and eradicate such attacks, and have refused to do so.  Gamache seeks, among other things, injunctive relief to require the FBI and the FCC to: (1) investigate incidents of electronic weapons attacks; (2) provide resources and support to victims of such attacks; (3) employ satellites "that view the entire freqency [sic] range through their optic sensors"; and (4) pursue criminal prosecution of perpetrators of electronic weapon attacks.

## Discussion

I.   Standing and Jurisdiction

Gamache has failed to allege plausible facts that demonstrate how the District of New Hampshire has jurisdiction over this matter, or the basis of the court's authority to enter the order requested.  Further, nothing in the complaint, which refers only to nameless "victims," demonstrates that Gamache has standing to bring this suit.  See Iqbal, 556 U.S. at ___, 129 S.

4

Ct. at 1949 (complaint must state facts to support a claim for relief that is plausible on its face).

II.  <u>Frivolous</u>

A complaint may be dismissed as frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. . . . [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted); <u>Miller v. Kennebec Cnty. Sheriff's Dep't</u>, 54 F.3d 764, 1995 WL 281644, *1 (1st Cir. 1995) (unpublished table decision).

Gamache alleges that unknown assailants are attacking tens of thousands of people with electronic weapons, and that the government is aware of, but turning a blind eye to, these attacks.  The allegations in the complaint are "irrational," "fantastic," and "wholly incredible," and do not support any legitimate claim for relief.  See <u>Denton</u>, 5104 U.S. at 32-33.

### Conclusion

For all of the foregoing reasons, the complaint should be dismissed in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure

to file objections within the specified time waives the right to appeal the district court's order.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).


_____
Landya B. McCafferty
United States Magistrate Judge


Date:  October 25, 2011

cc:  Greg Gamache, pro se

LBM:jba